# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD G. BOYD,** | : | **CIVIL NO. 1:17-CV-1174** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents** | : | |

## **MEMORANDUM**

On July 27, 1977, Boyd was convicted of first degree murder in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1; CP-22-MD-0000816-1977). Boyd was sentenced to life imprisonment without the possibility of parole. (Id.) On June 27, 2017, Boyd filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying conviction and sentence. (Doc. 1). For the reasons set forth below, the court will deny the petition.

## I. State Court Proceedings[1]

On July 27, 1977, a jury convicted Boyd of first degree murder for the beating and stomping death of a motel night clerk arising out of a robbery on August 8, 1976. See Commonwealth v. Boyd, 2016 WL 6678521, *1 (Pa. Super. 2016). Boyd was twenty (20) years old at the time of the murder. Id. The trial court sentenced Boyd to life imprisonment without the possibility of parole. Id.

Boyd pursued direct appeal proceedings. (Doc. 1 at 2). Boyd was denied relief throughout the direct appeal process. (Id.) On June 22, 1979, the Pennsylvania Supreme Court affirmed the judgment of sentence. (Id.; Commonwealth v. Boyd, 485 Pa. 335 (Pa. 1979)).

On November 14, 2014, Boyd filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 1 at 3). On April 22, 2015, the PCRA court dismissed the petition. Boyd filed an appeal to the Pennsylvania Superior Court. (Id.) On July 31, 2015, the Pennsylvania Superior Court dismissed the appeal for failure to comply with Pennsylvania Rule of Appellate Procedure 3517. (Id.)

On March 22, 2016, Boyd filed a second *pro se* PCRA petition arguing that he was entitled to relief under Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183

---

[1] A federal habeas court may take judicial notice of state court records. Montanez v. Walsh, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Dauphin County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

L.Ed.2d 407 (2012), held to be retroactive on collateral review by Montgomery v. Louisiana, 136 S. Ct. 718, 726 (2016).  In Miller, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  Id. at 465.  On May 3, 2016, PCRA court dismissed the petition.  See https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, electronic docket number 849 MDA 2016.  On May 26, 2016, Boyd filed a timely appeal to the Pennsylvania Superior Court.  Id.  On November 14, 2016, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition.  Id.; Commonwealth v. Boyd, 2016 WL 6678521 (Pa. Super. 2016).  On December 2, 2016, Boyd filed a petition for allowance of appeal with the Pennsylvania Supreme Court.  See https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, electronic docket number 907 MAL 2016.  On May 30, 2017, the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Id.; Commonwealth v. Boyd, 641 Pa. 696, 169 A.3d 551 (Table) (Pa.).

On June 27, 2017, Boyd filed the instant federal habeas petition.  (Doc. 1).

**II.   Standards of Review**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  "[I]t is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68.

### A. Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); see also Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007)

4

(recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts).  While the petitioner need not cite "book and verse" of the federal Constitution, Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting Picard, 404 U.S. at 275, 92 S.Ct. 509).

B.     **Merits Standard**

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court

5

will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v. Chesney, 301 F. Supp. 2d

354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp. 2d at 296; see also Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp. 2d at 296; see also Williams, 529 U.S. at 408-09.

**III. Discussion**

Boyd alleges that he is entitled to federal habeas relief in light of Miller and Montgomery[3], and asserts that the Miller holding should be extended to those who were age eighteen (18) or older when they committed their crime. The state court record reveals that Boyd was twenty (20) years old when he committed the crime for which he was convicted. Boyd raised this issue on PCRA appeal to the Pennsylvania Superior Court. By memorandum dated November 14, 2016, the Pennsylvania Superior Court affirmed the PCRA court's dismissal of the PCRA

---

[2] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

[3] In Montgomery, the United States Supreme Court held that Miller's prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule that, under the Constitution, is retroactive in cases on state collateral review. Montgomery v. Louisiana, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

petition, finding that Boyd's claims lacked merit. The Pennsylvania Superior Court found as follows:

> The authority cited by [Boyd] does not apply to him. The holding in Miller expressly applies only to juveniles under the age of eighteen: "We therefore hold that mandatory life without parole *for those under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, *supra* at 2460 (emphasis added).
>
> Citing a definition from the Statutory Construction Act, [Boyd] argues that, at twenty, he was still a "minor" who had not reached full legal age. (See Appellant's Brief, at 7); see also 1 Pa.C.S.A. § 1991 ("'Minor.' An individual under the age of 21 years.").
>
> However, [Boyd's] reliance on rules of statutory construction is misplaced. In pertinent part, for purposes of the Juvenile Act, a "Child" is "[a]n individual who: (1) is *under the age of 18* years[.]" 42 Pa.C.S.A. § 6302 (emphasis added).
>
> Here, [Boyd] was neither a child nor a juvenile within the defined meaning of those terms as they are applied in the authority he cites. Therefore, his claims that he should be treated as a juvenile at the time he committed the murder in question, and that he received a cruel and unusual punishment, or that he was denied the equal protection of the laws do not merit relief.
>
> [Boyd] also claims that he is entitled to the equal protection of the laws pursuant to Obergefell v. Hodges, 135 S. Ct. 2584 (2015). (See Appellant's Brief, at 21.). Obergefell concluded that the right to marry is a fundamental right under the due process and equal protection clauses of the Fourteenth Amendment such that couples of the same-sex may not be deprived of that right and liberty. See Obergefell, *supra* at 2604. Aside from this reference, we are unable to discern the relevance of Obergefell to the issues in this appeal. And [Boyd], despite sporadic mention, fails to develop any argument in support of his assertion. (See Appellant's Brief, at 4, 7, 21, 23, 26). [Boyd's] first claim does not merit relief.
>
> In his second claim, [Boyd] asserts that Miller, *supra* and Jackson v. Hobbs apply to him as a juvenile or a person with a less developed brain. (See id. at 4). We disagree.

8

In support of his claim, [Boyd] cites named and unnamed scientific studies for the generalization that development of the human brain is not necessarily complete at the age of eighteen. (See id. at 14-20). Instead, according to the studies, it continues until sometime in the mid-twenties. Put another way, [Boyd] posits that maturation is incomplete at eighteen. Rather, persons between seventeen and twenty-five should be viewed as "emerging adult[s]." (Id. at 24, 26). He argues from the studies that such a person, compared to a fully matured adult, may still lack proper impulse control, be more susceptible to peer pressure, and lack the full capacity to engage in objective benefit-risk assessment. He maintains that his life sentence should be vacated, and he be granted a new sentencing hearing. (See id. at 31-32). We disagree.

This issue of where to draw the line has already been addressed by the United States Supreme Court in Roper, *supra*:

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn. The plurality opinion in Thompson [v. Oklahoma, 487 U.S. 815 (1988)] drew the line at 16. In the intervening years the Thompson plurality's conclusion that offenders under 16 may not be executed has not been challenged. The logic of Thompson extends to those who are under 18. The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the line for death eligibility ought to rest.

Roper, *supra* at 574.

On independent review, we conclude that the logic employed in Roper for death penalty eligibility applies equally here to a sentence of life without parole. [Boyd's] second claim does not merit relief.

Commonwealth v. Boyd, 2016 WL 6678521, at *2-3.

9

As stated *supra*, the Miller Court held that sentences of mandatory life imprisonment without parole imposed upon juveniles, who were under the age of eighteen (18) at the time they committed murder, were unconstitutional. Miller, 567 U.S. 460. Boyd acknowledges that he was twenty (20) years old at the time he committed the relevant crime. (Doc. 2 at 8). However, he argues that, despite his chronological age, his brain function was immature; consequently, he should be treated as a juvenile. (Id. at 9-12). He further argues that the age of eighteen (18) should not be completely controlling and should extend to age twenty (20). (Id.) The Supreme Court in Miller did not extend its rationale or holding beyond application to juveniles, and by its plain language the Court excluded application of its holding to individuals eighteen (18) years of age or older. Miller, 567 U.S. at 465. Thus, district courts within the Third Circuit have routinely rejected arguments that Miller granted any new constitutional protections to individuals eighteen (18) years of age or older. See, e.g., Pritchard v. Wetzel, 2014 WL 199907, *3 (E.D. Pa. Jan. 16, 2014) (collecting cases). Based upon the plain language employed by the Supreme Court in Miller, no new constitutional right was created that would be applicable to Boyd, who was twenty (20) years of age at the time of his crime. As such, the court finds that the state court's rejection of this claim was neither contrary to, nor an unreasonable application of Supreme Court precedent. Thus, Boyd is not entitled to federal habeas relief.

## IV. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

11

## V. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      May 7, 2019